UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

2009 JUL 27 P 3: 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| Albert J. Isaac | ) | |
| Rosetta W. Isaac | ) | |
|     Plaintiff(s) | ) | Civil Action No. |
| vs | ) | |
| | ) | CV-09-U-1491-S |
| NCO Group, Inc., et al | ) | |
|     a Pennsylvania Corporation | ) | |
| | ) | |
| NCO, Financial Systems, Inc. | ) | FOR VIOLATIONS OF FAIR DEBT |
|     a Pennsylvania Corporation | ) | COLLECTION PRACTICE ACT |
| | ) | [15 U.S.C. § 1692 et seq.] |
|     Defendant(s) | ) | |

The Plaintiff(s), Albert J. Isaac, and Rosetta W. Isaac for their Complaint alleges as follow:

1. The Plaintiff(s) bring this Action pursuant 15 U.S.C.§ 1692 et seq. Fair Debt Collection Practice Act of 2006 ("FDCPA"), and The Code of Alabama 1975 ("AC"), Title 6 §6-5-300, §6-11-20, §6-11-21, and §6-11-27. To obtain monetary statutory and, punitive damages for the defendant(s)' violations of the FDCPA.

## JURISDICTION AND VENUE

2. This Court has original Jurisdiction of the Causes of Action herein which are brought 28 U.S.C. §§ 1331, 1391(b)-(c), and 15 U.S.C. § 1692 et seq..

3. All events which gave rise to the complaint occurred in the jurisdiction of the United States District Court for the Northern District of Alabama, Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c), 15 U.S.C. §§1692c(c), 1692d(5), and The Code of Alabama 1975, Title 6 §6-5-300, §6-11-20, §6-11-21 §6-11-27.

## DEFENDANT(S)t

4. NCO Group, Inc. is a for profit-Corporation organized, existing, and doing business under the laws of the State of Pennsylvania. Its principal place of business 507 Prudential Road, Horsham, PA 19044-2308, transact business in this district.

5. NCO Financial Systems, Inc. is a for profit-Corporation organized under the laws of the State of Pennsylvania and its principal place of business 507 Prudential Road, Horsham, PA 19044-2308, transacts business in this district.

6. Defendant NCO Group, Inc., (the Master), dominate and controls the operations of defendant NCO Financial Systems, Inc., (the Servant). Defendant NCO Financial Systems, Inc. is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FIRST CAUSE OF ACTION

(Violations of the FDCPA 15 U.S.C.§1692 et seq and AC Title 6 §6-11-27)

7. Plaintiff(s) refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

8. The defendant NCO Financial Systems, Inc., employee(s), agent(s) continued to call the plaintiff(s) domicile, to cause the phone to ring, annoy, abuse, harass, the plaintiff(s). After the defendant's employee signed a US Postal Service certified mail's return receipt[1] for a cease and desist letter[2]. The defendant(s) harassing phone calls has cause the plaintiff(s) mental anguish.

9. Defendant NCO Group, Inc. acting through the defendant NCO Financial Systems, Inc. in the course of its debt collection activities, its employee(s), agent(s)  consciously, deliberately engage in oppression, wantonness, and malice, with regard to the plaintiff(s). The defendant(s) refuses and/or fails to comply with the requirements in 15 U.S.C. §§1692c(c), 1692d(5).

2

10.     The defendant(s) as a employer knew or should have known of the unfitness of their agent, employee, and employed him/her, continued to employ him/her, used his/her services without proper instruction with a disregard of the rights of the plaintiff(s); or authorized the wrongful conduct; or ratified the wrongful conduct; or unless the acts of the agent, or employee were calculated to benefit the defendant(s).

<b><u>PRAYER'S CLAIMS FOR RELIEF</u></b>

<b><u>COUNT 1</u></b>

<u>Violation of 15 U.S.C.§ 1692c(c) - Communication in connection with debt collection</u>

11.     (c) Ceasing communication - If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--

   (1) to advise the consumer that the debt collector's further efforts are being terminated;

   (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

   (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

<b><u>COUNT 2</u></b>

<u>Violation of 15 U.S.C.§ 1692d(5) - Harassment or abuse</u>

12.     A debt collector may not engage in any conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

### COUNT 3

### Violation The Code of Alabama 1975, Title 6 §6-11-27

13. Principal, master, etc., not liable for punitive damages for conduct of agent, servant, etc.; exceptions.

(a) A principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: (i) knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or (ii) authorized the wrongful conduct; or (iii) ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiff knowingly participated with the agent, servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.

(b) Nothing contained in this section shall be construed to prevent recovery of punitive damages against a retail vendor of alcoholic beverages arising out of the acts of its agents, servants, or employees acting within the line and scope of their employment.

**WHEREFORE PREMISE CONSIDERED**, plaintiff(s) respectfully pray's that the Court, enter a judgement against the defendant(s) and in favor of the plaintiff(s) for each law violation alleged in this complaint;

14. Award the plaintiff(s) statutory damages, pursuant 15 U.S.C. §1692k.

15. Award the plaintiff(s) punitive damage( treble), pursuant The Code of Alabama 1975, Title 6 §6-5-300, §6-11-20, §6-11-21 §6-11-27.

16. Award Court costs for suit.

17. Award Plaintiff(s) additional relief as this Court may deems just and proper.

Date: July 27, 2009

*[signature]*
Rosetta W. Isaac, *pro se*
617 76th Street South
Birmingham, AL 35206
Phone: (205)836-3075
Look.4.godsaint@dfgh.net

*[signature]*
Albert J. Isaac, ., *pro se*
617 76th Street South
Birmingham, AL 35206
Phone: (205)836-3075
Look.4.silverfox@dfgh.net

1. Exhibit #1, Return Mail Receipt

2. Exhibit #2, Cease and Desist Letter

# MR. ALBERT J. ISAAC

617-76TH STREET SOUTH
BIRMINGHAM, AL 35206-5227
PHONE: (205) 836-3075

September 4, 2008

NCO Financial System, Inc.
507 Prudential Road
Horsham, PA 19044-2368

To Whom It May Concern,

    I do not owe NCO Financial System, Inc. or any client of NCO Financial System, Inc. any monies. I want NCO Financial System, Inc. and/or it Agent(s) to stop calling my home phone (205)836-3075. Should NCO Financial System, Inc. continue to call my home phone. I will file an unfair credit practice's complaint with the Alabama Attorney General Office and the United States Federal Trade Commission.

Sincerely Yours,

*Albert J. Isaac*

Albert J. Isaac

Exhibit #2

EXHIBIT

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery 9/15 |
| 1. Article Addressed to:<br><br>NCO Financial Systems, Inc.<br>507 Prudential Road<br>Horsham, PA 19044-2368 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
|  | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 0710 0000 5013 2487 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

